UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHLEEN P.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:20-CV-5209-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted the opinions of Dr. Kimberly Wheeler, Dr. Jennifer Irwin, Dr. Loreli Thompson, and Ms. Christina Maleney. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the

Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On July 30, 2014, Plaintiff filed applications for SSI and DIB, alleging disability as of May 1, 2005. *See* Dkt. 11, Administrative Record ("AR") 18. The application was denied upon initial administrative review and on reconsideration. *See* AR 18. A hearing was held before ALJ David Johnson, who issued a decision finding Plaintiff not disabled on November 3, 2016. *See* AR 35. Plaintiff appealed the decision, and the United States District Court for the Western District of Washington remanded the case for further proceedings. *See* AR 593-604. Plaintiff appeared and testified at a hearing held before the ALJ on September 26, 2019. *See* AR 644. On November 14, 2019, the ALJ again found Plaintiff not disabled. *See* AR 668. The ALJ's November 14, 2019 decision is the final decision of the Commissioner, which Plaintiff now appeals. *See* Dkt. 21; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the medical opinion evidence; and (2) discounting Plaintiff's testimony and the lay witness testimony. Dkt. 11. Plaintiff requests this Court remand this matter for an award of benefits. *Id*.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues the ALJ improperly considered the opinions of Dr. Wheeler, Dr. Irwin, Dr. Thompson, and Ms. Maleney. Dkt. 21, pp. 6-15.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. Dr. Wheeler

Dr. Wheeler completed a psychological evaluation of Plaintiff for the Washington state Department of Social and Health Services ("DSHS") in September 2015. AR 421-425. She did not review any of Plaintiff's records but conducted a clinical interview and mental status exam ("MSE") of Plaintiff and diagnosed her with Major Depression Disorder, compromised by declines in physical health. AR 421-425. Dr. Wheeler opined Plaintiff is markedly limited in communicating and performing effectively in a work setting, completing a normal work day and work week without interruptions from psychologically based symptoms, and setting realistic goals

and planning independently. AR 423. Dr. Wheeler completed an additional psychological evaluation for DSHS in September 2019 and opined to similar limitations, including marked limitations in completing a normal work day and work week without interruptions from psychologically based symptoms and setting realistic goals and planning independently. AR 1344. Dr. Wheeler also changed Plaintiff's diagnosis from Major Depression Disorder to Bipolar II Disorder. AR 422, 1345. Notably, the ALJ gave Dr. Wheeler's 2019 great weight, but gave the 2015 opinion only some weight, because:

> (1) Dr. Wheeler did not review any additional records. (2) Her opinion is not consistent with the claimant's normal performance during this examination and other examinations throughout the record. (3) Moreover, it is inconsistent with the claimant's improvement with treatment, noted by the records received at the hearing level.

AR 662 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Wheeler's opinion because she did not review any of Plaintiff's records. AR 662. Defendant does not cite, nor does the Court find, authority holding an examining physician's failure to supplement her own examination and observations with additional records is, alone, a specific and legitimate reason to give less weight to the opinion. Accordingly, the Court finds the ALJ's first reason for discounting Dr. Wheeler's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Wheeler's opinion because it is inconsistent with Plaintiff's performance during Dr. Wheeler's examination and other evaluations throughout the record. AR 662, citing AR 393-397 (Dr. Irwin), 420-425 (Dr. Wheeler), and 433-440 (Dr. Thompson). "A physician's opinion can be discredited based on contradictions between the opinion and the physician's own notes." *Buck v. Berryhill,* 869 F.3d 1040, 1050 (9th Cir. 2017). However, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing

nothing more than ignoring it, … criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Additionally, when an ALJ rejects a physician's opinion on the ground that it is contrary to clinical findings in the record, he must specify why the physician's opinion is flawed. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

Here, to support his conclusion, the ALJ made a general reference to Dr. Wheeler's examination of Plaintiff and to evaluations from Drs. Irwin and Thompson, but failed to explain how or what results contained in these records conflicted with the limitations Dr. Wheeler opined to. *See* AR 662; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"). Further, Dr. Wheeler's clinical interview contained abnormal results, which could support her findings. For example, Dr. Wheeler found Plaintiff had a loss of interest in usual activities, had low energy, and was pessimistic and forgetful. AR 422. Therefore, the ALJ's finding that Dr. Wheeler's opinion is unsupported by her examination is conclusory. *See Garrison*, 759 F.3d at 1012-1113. In addition, the ALJ failed to specify why Dr. Wheeler's opinion was flawed compared to the evaluations from Drs. Irwin and Thompson, instead relying on his conclusory analysis that her opinion is inconsistent with these evaluations. *See* AR 662. Accordingly, the ALJ's second reason for discounting Dr. Wheeler's opinion is not specific and legitimate and supported by substantial evidence.

Third, the ALJ discounted Dr. Wheeler's opinion because it is inconsistent with Plaintiff's improvement with treatment. AR 662. The ALJ cites generally to some of Plaintiff's mental

progress notes, but does not note any instances of improvement specifically. AR 662, referencing AR 489-539. The evidence the ALJ cited indicates Plaintiff has cycles of improvement. "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017. Here, the ALJ has inappropriately cited to instances of improvement while ignoring the cyclical nature of Plaintiff's condition. For example, Plaintiff's mental health provider noted that Plaintiff had depression and anxiety daily. AR 524. She observed that Plaintiff's antidepressant medication was "not very effective in alleviating her depressed mood." AR 509. Six months later, Plaintiff's provider noted her mood was overall stable and that she "may be responding to the Lamictal in terms of mood regulation and stabilization." AR 500. Yet despite this improvement, Plaintiff's provider noted Plaintiff's mood was still cycling. AR 527. Thus, the ALJ has inappropriately "picked out a few isolated instances of improvement" to support his conclusion. *See* AR 662; *see also Reddick*, 157 F.3d at 722–723 (the ALJ may not "cherry-pick" observations without considering context). Further, by discounting Dr. Wheeler's opinion because it is inconsistent with medical records contemporaneous with her opinion, the ALJ has shown he did "not acknowledge the inherently cyclical nature of bipolar disorder." *Sunwall v. Colvin*, 158 F. Supp. 3d 1077, 1081-1082 (D. Or. 2016). Accordingly, the ALJ's third reason for discounting Dr. Wheeler's opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Wheeler's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Wheeler's opinion, the ALJ may have included additional limitations in the residual functional capacity ("RFC"). For example, Dr. Wheeler opined Plaintiff is markedly limited in completing a normal work day and work week without interruptions from psychologically based symptoms. AR 423. In contrast, in the RFC, the ALJ did not include any limitations regarding absenteeism. *See* AR 652. Therefore, if Dr. Wheeler's opinion were given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is directed to reassess Dr. Wheeler's opinion on remand.

B. Dr. Irwin

Dr. Irwin interviewed and examined Plaintiff in September 2014. AR 294-397. After completing an MSE, she diagnosed Plaintiff with Major Depressive Disorder, moderate without psychotic features. AR 396-397. Dr. Irwin opined Plaintiff would have difficulty completing a normal work day and workweek without interruption from a psychiatric condition and with dealing

with the usual stress encountered in the workplace. AR 397. The ALJ discussed Dr. Irwin's opinion and gave it limited weight for three reasons:

> (1) The claimant's activities of which Dr. Irwin was not aware, as well as her (2) performance throughout the record showing improved mood stability is not consistent with this assessment. (3) While the usual stress of a workplace might present difficulties for the claimant, the workplace identified in this analysis is more limited than usual and would exclude much work in the economy. The low stress definition in the residual functional capacity finding is based on difficulties evidenced in the record and remain within the claimant's capabilities despite her impairments.

AR 661 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Irwin's opinion because it is inconsistent with Plaintiff's activities. AR 661. Dr. Irwin noted Plaintiff's activities include getting dressed 3-4 times a week, bathing two days a week, doing laundry once every two weeks, and grocery shopping once a month, with shopping for smaller items in between. AR 395. Plaintiff's activities also include reading, watching TV and movies, checking her email, cooking, washing dishes, and doing light cleaning. AR 395-396.

Courts have repeatedly stated that "a person's ability to engage in personal activities … does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *see also O'Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991) ("The conditions of work are not identical to those of home life"). Plaintiff's ability to complete the activities listed above does not necessarily show she could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to complete these activities shows she could sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522-523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the

Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week”). In addition, disability claimants “should not be penalized for attempting to lead normal lives in the face of their limitations.” *Reddick*, 157 F.3d at 722. Finally, the Court notes the ALJ claimed there were activities of which Dr. Irwin was unaware, but did not specify what these activities were or how they were inconsistent with Dr. Irwin’s opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (the ALJ must “build an accurate and logical bridge from the evidence to [his] conclusions” so that the court “may afford the claimant meaningful review of the SSA’s ultimate findings”). Thus, the ALJ’s first reason for discounting Dr. Irwin’s opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Irwin’s opinion because it is inconsistent with Plaintiff’s performance throughout the record. AR 661. Similar to the ALJ’s second reason for discounting Dr. Wheeler’s opinion, the ALJ’s rejection of Dr. Irwin’s opinion on the ground that it was inconsistent with Plaintiff’s performance throughout the record is “broad and vague, failing to specify why the ALJ felt the treating physician’s opinion was flawed.” *McAllister*, 888 F.2d at 602. The ALJ instead inappropriately relied on his conclusory analysis that Dr. Wheeler’s opinion is inconsistent with examinations throughout the record. *See* AR 662. Accordingly, the ALJ’s second reason for discounting Dr. Irwin’s opinion is not specific and legitimate and supported by substantial evidence.

Third, the ALJ discounted Dr. Irwin’s opinion because the RFC outlined a workplace that is “more limited than usual” and included a “low stress definition[.]” AR 661. Although limiting Plaintiff to a low stress work environment may have accommodated Plaintiff’s difficulty in dealing with the usual stress encountered in the workplace, this is not the only difficulty that Dr. Irwin opined to. She also opined Plaintiff would have difficulty completing a normal work day and

workweek without interruption from a psychiatric condition. AR 397. As discussed above, the RFC does not include any limitations regarding absenteeism. *See* AR 652. Thus, this is not a specific and legitimate reason supported by substantial evidence for discounting Dr. Irwin's opinion.

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Irwin's opinion. Accordingly, the ALJ erred and is directed to re-evaluate Dr. Irwin's opinion on remand.

C. Dr. Thompson

Dr. Thompson diagnosed Plaintiff with bipolar disorder and opined, in relevant part, Plaintiff had limited ability to adapt to change and is limited in her social interaction and interpersonal relationships. AR 437-438. She also opined Plaintiff's ability to adapt to routine changes in a typical work setting is likely to be impacted by her limitations. AR 438. The ALJ provided Dr. Thompson's opinion with some weight. *See* AR 662.

In the present case, Defendant waived objection to Plaintiff's argument that the ALJ improperly discounted Dr. Thompson's opinion. *See* Dkt. 21; Dkt. 24, p. 6; *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("arguments not raised by a party in its opening brief are deemed waived"). Thus, because Defendant has waived any objection to this argument, the ALJ must reconsider Dr. Thompson's opinion on remand.

D. Ms. Maleney

"Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v.*

*Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

Ms. Maleney, Plaintiff's treating licensed mental health counselor, completed a medical source statement of Plaintiff in May 2016. AR 485-488. Ms. Maleney opined Plaintiff would likely miss four days of work per month due to tiredness, erratic sleep patterns, pain, and mood changes. AR 487-488. She determined Plaintiff would lose 30% of task persistence due to tiredness, mood changes, disorganization, and physical issues, and would be off task for 30% of the time due to her inability to complete a normal work day and work week without interruption from psychologically based symptoms and to perform at a consistence pace without an unreasonable number and length of rest periods. AR 487-488. Ms. Maleney also opined Plaintiff would be precluded up to 20% of the workday in activities related to sustaining attention and concentration.[1] AR 487.

The ALJ discussed Ms. Maleney's opinion and gave it little weight for three reasons: (1) it is inconsistent with the record; (2) it is contradicted by Ms. Maleney's own treatment notes; and (3) it is inconsistent with Plaintiff's activities, such as caring for her significant other or using a computer for extended amounts of time. AR 662-663.

First, the ALJ discounted Ms. Maleney's opinion because it is inconsistent with the "treatment and examination records" and because there is "testing by better qualified examiners." AR 662. When an ALJ rejects a medical opinion on the ground that it is contrary to clinical findings in the record, he must specify why the opinion is flawed. *McAllister,* 888 F.2d at 602. Here, the ALJ failed to specify why Ms. Maleney's opinion was flawed, instead relying on his conclusory analysis that her opinion is inferior to opinions from "better qualified examiners." *See*

---

[1] Although Ms. Maleney also completed a medical questionnaire for Plaintiff in April 2017, Plaintiff does not challenge the ALJ's treatment of this opinion. *See* Dkt. 21, pp. 14-16.

AR 662. Accordingly, the ALJ's first reason for discounting Ms. Maleney's opinion is not germane.

Second, the ALJ discounted Ms. Maleney's opinion because it is inconsistent with her own treatment notes that indicate normal attention and memory. AR 662, citing AR 820.[2] An ALJ may discredit a medical opinion if the opinion is contradicted by the offering provider's own treatment notes. *Buck*, 869 F.3d 1050. Here, the ALJ failed to explain how or what results contained Ms. Maleney's treatment notes conflicted with her opinion. *See* AR 662. Without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the alleged inconsistency is a valid reason to discredit Ms. Maleney's opinion. *See Treichler*, 775 F.3d at 1103. Further, Ms. Maleney's treatment notes contain observations that could support her opinion. For example, Plaintiff consistently demonstrated a constricted affect, dysphoric mood, anxiousness, and frustration at appointments with Ms. Maleney from August 2016 through May 2016. *See* AR 494-510. Thus, the ALJ's second reason for discounting Ms. Maleney's opinion is not germane.

Third, the ALJ discounted Ms. Maleney's opinion because it is inconsistent with Plaintiff's ability to care for her significant other and use the computer for extended amounts of time. AR 662-663. "[A] person's ability to engage in personal activities … does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley*, 133 F.3d at 589; *see also O'Connor*, 938 F.2d at 73. Plaintiff's ability to care for her significant other and use the computer for extended amounts of time does not necessarily show she could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* SSR 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to care

---

[2] The ALJ cites AR 820 in support of his conclusion, but this citation is a one-page record from the SSA entitled "Chavez Screen Guide" and is not part of Dr. Maleney's record. *See* AR 820. The ALJ did not specify why he cited to this record.

for her significant other and use the computer for extended amounts of time shows she could sustain a full-time work schedule. *See Mulanax*, 293 Fed. Appx. at 522-523. In addition, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Accordingly, the ALJ's third reason for discounting Ms. Maleney's opinion is not germane.

For the above stated reasons, the Court finds the ALJ failed to provide a germane reason for discounting Ms. Maleney's opinion. Accordingly, the ALJ erred and is directed to re-evaluate Ms. Maleney's opinion on remand.

**II. Whether the ALJ properly considered Plaintiff's testimony and the lay witness testimony.**

Plaintiff asserts the ALJ improperly considered her testimony regarding her symptoms. Dkt. 21, pp. 17-18. Plaintiff also asserts the ALJ improperly discounted the lay witness testimony. Dkt. 21, pp. 16-17. The Court concludes the ALJ committed harmful error in assessing the opinions of Dr. Wheeler, Dr. Irwin, Dr. Thompson, and Ms. Maleney and must re-evaluate them on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and the lay witness testimony on remand.

**II. Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 21. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has directed the ALJ to reconsider the opinions of Dr. Wheeler, Dr. Irwin, Dr. Thompson, and Ms. Maleney on remand. *See* Section I, *supra*. The Court has also directed the ALJ to reconsider Plaintiff's testimony and the lay witness testimony on remand. *See* Section II, *supra*. For these reasons, the Court finds there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and her ability to perform jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 24th day of September, 2020.

David W. Christel
United States Magistrate Judge